**Opinion filed October 15, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00341-CR
_____

## ANTHONY DON JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR42226**

### M E M O R A N D U M   O P I N I O N

The jury convicted Anthony Don Jackson of felony assault of a member of his household (assault-family violence) with a prior conviction of felony assault of a member of his household. The State alleged three enhancement paragraphs that it intended to prove during the punishment phase of trial; Appellant pleaded "not true" to all of them. The trial court found that all enhancement allegations were "true," and it assessed punishment at confinement for twenty-five years and a fine of $5,000.

The trial court then sentenced Appellant. Appellant asserts a challenge to the sufficiency of the evidence. Appellant also complains that the trial court erred when it did not hold a hearing on his motion for new trial and when it denied that motion. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for the third-degree felony of assault of a family or household member, Evelyn Hoyle. The grand jury alleged that Appellant struck her with his hands, that he slammed a car door on her leg or legs, and that he had a prior conviction of felony assault against a family or household member.[1] TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2014); TEX. FAM. CODE ANN. § 71.005 (West 2014). "Household" means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other. FAM. § 71.005. The range of punishment for felony assault of a member of a household, where the defendant has two prior felony convictions, is confinement for a term of life or a term of not more than ninety-nine years or less than twenty-five years. PENAL § 12.42(d).

## II. *Evidence at Trial*

Hoyle, who lives in Midland, testified that she and Appellant were in a dating relationship and that she lived with Appellant at the time of the incident. She said that she had thought about ending her relationship with Appellant. One August evening, Hoyle drove Appellant to a Stripes convenience store in Midland County.[2] While in the parking lot of that store, Hoyle told Appellant that she wanted to end their relationship. Hoyle explained that Appellant did not say anything and that he

---

[1]The grand jury also alleged in an additional enhancement paragraph that Appellant had a prior DWI conviction. Additionally, the State filed a notice of its intent to enhance Appellant's punishment pursuant to Section 12.42(d) of the Penal Code.

[2]Hoyle testified that she had driven Appellant around town for several hours so he could visit friends. During this time, Appellant drank alcohol in the car all day and into the evening.

2

looked like he was in deep thought.  When she asked him to get out of her car, he just sat there.  She got out of her car and went to the passenger side, opened the front passenger door, and told Appellant to get out.  Appellant got out of the car and then assumed what Hoyle described as a "boxing stance"; he raised up his clenched fists toward her.

Hoyle asked Appellant if he was going to fight her, but he never responded.  Hoyle said that she never hit Appellant.  Hoyle walked back around the car to the driver's side and sat in the driver's seat.  Although Hoyle sat down in the driver's seat of her car, she did not shut the door, and her left leg was in between the car door and car frame.  At that time, Appellant walked around the car and slammed the door into her leg; he slammed it three times into her leg.  During this time, Appellant never said a word; Hoyle said that Appellant was not mistaken as to whether Hoyle's left leg was outside her car.

Hoyle knew that she needed to leave because her mentally handicapped adult child was in her car.  Hoyle had the driver's side window rolled down, and Appellant punched her on the left temple of her head with his closed fist.  Hoyle testified that her leg swelled and hurt after Appellant slammed the door on her leg.  She also testified that her head hurt after he hit her on the head.  At the time of trial, it was still necessary for Hoyle to wear compression socks and to use a cane.  Hoyle continued to have trouble with her left knee, and she continued to suffer from headaches.

Hoyle said that a man walked past her car as the altercation occurred at the store and that he stood between Appellant and the car.  The man told her to leave.  Hoyle drove away from the parking lot, and she went to her daughter's place of employment to tell her daughter about what Appellant had done.  Hoyle then went home and called the police.  The police went to Hoyle's home and interviewed her; the police also took photographs of her injuries.  The photographs showed some

3

bruises on her leg and a faint red spot on her head. Hoyle later went to the emergency room.

Bradley Randall Robertson is a certified peace officer with the Midland Police Department. He responded to Hoyle's residence after she called the police. When he arrived, Officer Robertson saw Appellant in the front yard on a swing. Appellant was unconscious. He was "disheveled"; his clothes were "messed up"; and he had a strong odor of alcohol. When Officer Robertson awakened him, Appellant did not speak to Officer Robertson. Officer Robertson asked Appellant to remove his hands from his pockets so that the officer could determine whether Appellant had a weapon. Appellant refused several verbal commands, but eventually showed Officer Robertson his hands. A backup officer arrived on scene, and Officer Robertson handcuffed Appellant. After Officer Robertson spoke with Hoyle, he determined that Appellant had committed an assault on Hoyle and that Hoyle was a member of Appellant's household. Officer Robertson referred to the offense as assault-family violence.

### III. *Discussion and Analysis*

Appellant asserts that the evidence was insufficient to convict him of assault of a member of his household because Hoyle's testimony was not credible. Appellant also asserts that the trial court erred when it did not hold a hearing on his motion for new trial and then denied that motion for new trial.

#### A. *Issue One: Sufficiency of the Evidence*

We review the sufficiency of the evidence under the standard of review set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact

4

have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility of the evidence. *Brooks*, 323 S.W.3d at 899 (citing *Jackson*, 443 U.S. at 319, 326). A reviewing court may not reevaluate the weight and credibility of the evidence and substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The reviewing court must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Hoyle testified that she lived with Appellant. She also testified that Appellant struck her on the left temple of her head and that he slammed the car door on her left leg three times. Police took photographs of her injuries, and the photographs were in evidence at trial. Further, Officer Roberston described the injuries that were depicted in the photographs. Hoyle went to the emergency room and medical staff there treated her for bruises. As we have noted, Hoyle suffered bruises and, since the assault, has also suffered from recurrent headaches. She also has had to wear compression socks on her left leg and has had to use a cane. Appellant argues that Hoyle was not a credible witness. However, the jury was the arbiter of the disputed facts and was free to believe Hoyle's testimony. Appellant did not testify, but he stipulated that he had a prior conviction for felony assault of a family member or member of his household. We hold that there was sufficient evidence for the jury to find beyond a reasonable doubt that Appellant had committed the offense of felony assault of a member of his household with one prior felony conviction for the same offense. We overrule Appellant's first issue.

## B. Issue Two: Denial of Hearing on Motion for New Trial and Denial of Motion for New Trial

We note at the outset that Appellant's second complaint on appeal is not one in which he argues that his counsel was ineffective. Ineffective assistance was the subject of his motion for new trial. Appellant's second complaint, nonetheless, has two parts. He complains in the first part that the trial court failed to hold a hearing on the motion for new trial. The second part of Appellant's complaint is that the trial court denied his motion for new trial.

### 1. Appellant's Motion for New Trial

Appellant asserted in his motion for new trial that he received ineffective assistance of counsel prior to trial and at trial. Appellant was to receive a six-year sentence from the court, as part of an agreement not to appeal, if the jury found Appellant guilty. But after trial, Appellant rejected the agreement because he wanted to appeal his conviction. Appellant was represented by counsel prior to trial as well as during trial and after trial. After Appellant filed his motion for new trial, the trial court denied Appellant's request for a hearing and also denied Appellant's motion for new trial.

### 2. Denial of Request for Hearing on Motion for New Trial

We review a trial court's denial of a hearing on a motion for new trial under an abuse of discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). We will only reverse if the decision to deny a hearing was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.* The purposes of a hearing on a motion for new trial are (1) to determine whether the case should be retried and (2) to prepare a record for presenting issues on appeal if the trial court denies the motion. *Id.* at 338. A hearing on a motion for new trial is not an absolute right. *Id.* A hearing is not required when the matters raised in the motion for new trial can be determined from the record. *Id.* However, a trial court abuses its

discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

Appellant asserted in his motion for new trial that defense counsel failed to inform him of "plea offers" and ranges of punishment. Appellant also claimed that his counsel never told him that he could elect to have a jury assess his punishment. Appellant further claimed that defense counsel erred when counsel failed to call witnesses, including Appellant. To be entitled to a hearing on a motion for new trial with respect to an ineffective-assistance-of-counsel claim, a defendant "does not have to plead a *prima facie* case, but he must at least allege facts that show reasonable grounds to believe that he *could* prevail under *both* prongs" of the *Strickland* test. *Smith*, 286 S.W.3d at 338; *see Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Strickland*, 466 U.S. at 687. For the performance standard, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. For the prejudice standard, a defendant must show that there is a reasonable probability that the outcome would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 693–94; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Appellant did not attach an affidavit to his motion for new trial; instead, he attached a verification to the motion. But the motion did not adduce evidentiary facts there were outside the record. Appellant's arguments failed to demonstrate what outside evidence indicated that defense counsel's performance was deficient; he also failed to outline how any alleged deficiency prejudiced his defense. *See Strickland*, 466 U.S. at 689–92. Appellant did not adduce facts outside of the record that would have

7

put the trial court on notice that a hearing on his alleged ineffective-assistance-of-counsel claim was necessary. A trial court need not hold a hearing if the trial court can determine the merits of the motion by a review of the record. *Smith*, 286 S.W.3d at 338. Having reviewed the record, we hold that the trial court did not abuse its discretion when it denied Appellant's request for a hearing on Appellant's motion for new trial.

### 3. Denial of Motion for New Trial

We review the trial court's denial of the motion for new trial under an abuse of discretion standard. *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). Appellant never adduced any evidence that there were other plea offers by the State, and he never stated that he would have accepted a plea offer had one been communicated to him. As to punishment, Appellant was aware of the range of punishment because Appellant wrote to the trial court, prior to the punishment phase of trial, and asserted that the range of punishment was incorrect. Appellant also does not explain how his failure to file an election for the jury to assess punishment would have changed the outcome of the punishment phase. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (West Supp. 2014). Appellant received the lowest sentence possible in the range of punishment. Appellant also does not identify which witnesses should have been called or what they would have said that would have been exculpatory. Appellant was advised at trial about the perils or danger that would be involved if he testified in his own defense. Appellant chose not to testify because of his prior criminal history, which would have been admissible as part of any cross-examination in both the guilt and punishment phases. Appellant's assertions were nothing more than conclusory statements without explanation on how evidence, not in the record, would have shown that he was potentially entitled to relief. *See Hobbs*, 298 S.W.3d at 199. The trial court did not abuse its discretion

when it denied Appellant's motion for new trial without a hearing. We overrule Appellant's second issue.

## IV. *Conclusion*

We have reviewed the record, and there was sufficient evidence that Appellant intentionally or knowingly caused bodily injury to a member of his household, Evelyn Hoyle, when he struck her with his hand and slammed a car door on her left leg. Accordingly, we hold that the evidence was sufficient for a rational jury to find beyond a reasonable doubt that Appellant was guilty of the offense of felony assault on a member of his household. We also hold that the trial court did not abuse its discretion when it denied Appellant's request for a hearing on the motion for new trial and ultimately denied the motion for new trial. As a result, we have overruled both of Appellant's issues.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9